IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-27-D

| | | |
|---|---|---|
| PATRICIA E. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TYSON FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On January 24, 2018, Patricia E. Wright ("Wright" or "plaintiff") filed an in forma pauperis ("IFP") application and a proposed complaint against Tyson Foods, Inc. ("Tyson Foods" or "defendant"), alleging race and sex discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). See [D.E. 1]. On March 2, 2018, the court denied Wright's IFP application. See [D.E. 7]. On March 30, 2018, Wright paid the filing fee and filed her complaint. See [D.E. 8].

On April 30, 2018, Tyson Foods, Inc. moved to dismiss Wright's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) [D.E. 13] and filed a supporting memorandum [D.E. 14]. On May 7, 2018, Wright responded in opposition [D.E. 20]. On May 21, 2018, Tyson Foods replied [D.E. 21]. As explained below, the court dismisses Wright's complaint.

I.

Tyson Foods seeks dismissal under Rules 12(b)(2), 12(b)(4), and 12(b)(5). A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or "form" of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of "service" of process. See Fed.

R. Civ. P. 12(b)(4), (b)(5); Lee v. City of Fayetteville, No. 5:15-CV-638-FL, 2016 WL 1266597, at *2 (E.D.N.C. Mar. 30, 2016) (unpublished). Essentially, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. See, e.g., 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). A typical Rule 12(b)(4) challenge alleges that the entity named in the summons is different from the entity named in the complaint, and a typical Rule 12(b)(5) challenge alleges that the process was delivered by a person incapable of serving process (e.g., a party), to a person or entity incapable of receiving service (e.g., a minor), or that the service was delivered in an improper way (e.g., via first-class mail). See Stokes v. JPMorgan Chase Bank, NA, No. JFM 8:11-CV-2620, 2012 WL 527600, at *5–6 (D. Md. Feb. 16, 2012) (unpublished). Plaintiff bears the burden of establishing proper process and service of process. See Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993); Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013). When process or service of process is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. See, e.g., Armco, Inc., 733 F.2d at 1089.

Here, the manner in which Wright attempted to serve process was deficient. See [D.E. 14] 4–7. Thus, the court lacks personal jurisdiction over Tyson Foods, Inc. See, e.g., Armco, Inc., 733 F.2d at 1089.

Alternatively, Tyson Foods seeks dismissal under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v.

2

Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. See, e.g., Iqbal, 556 U.S. at 678–79; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano, 521 F.3d at 302.

Wright received her right-to-sue notice on October 25, 2017 [D.E. 8-2]. See Compl. ¶ 11. Wright had 90 days (or until January 23, 2018) to file suit under Title VII. See 42 U.S.C. § 2000e-5(f)(1); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 n.4 (4th Cir. 2002). Wright, however, did not file her amended complaint until March 30, 2018 [D.E. 8]. Thus, Wright filed her Title VII claims 156 days after receiving her right to sue notice, and the claims are time-barred. See Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149–51 (per curiam) (unpublished); Bryant, 288 F.3d at 132 n.4; Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993); Harvey v. City of New Bern Police Dep't., 813 F.2d 652, 653–54 (4th Cir. 1987).

In opposition to this conclusion, Wright notes that she filed her IFP application and proposed complaint on January 24, 2018. See [D.E. 1]. If Wright had filed her IFP application within the 90-day statute of limitations, Wright's IFP application would have tolled the 90-day statute of limitations until the court ruled on the IFP application. See, e.g., Truitt v. Cty. of Wayne, 148 F.3d 644, 647–48 (6th Cir. 1998); Williams-Guice v. Bd. of Educ., 45 F.3d 161, 164–65 (7th Cir. 1995); Jarrett v. US Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994). Wright did not file her IFP application within the 90-day statute of limitations. It was one day late. Thus, the 90-day statute of limitations bars Wright's Title VII claims. Moreover, on March 2, 2018, this court denied Wright's IFP application. See [D.E. 7]. Even if the 90-day period were tolled from January 24, 2018, until March 2, 2018, the 90-day clock then resumed running. See, e.g., Truitt, 148 F.3d at 647–48;

Williams-Guice, 45 F.3d at 164–65; Jarrett, 22 F.3d at 259–60. Wright then waited until March 30, 2018, to file her complaint. On this record, Wright filed her complaint long after the 90-day deadline.

Tyson Foods argues that the 90-day deadline is jurisdictional. See [D.E. 14] 8–9. It is not. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (en banc). Nevertheless, nothing in the record warrants equitable tolling. See, e.g., Menominee Indian Tribe of Wis. v. United States, 136 S. Ct. 750, 755–56 (2016); Credit Suisse Secs. (USA) LLC v. Simmonds, 132 S. Ct. 1414, 1419–21 (2012); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Hallstrom v. Tillamook Cty., 493 U.S. 20, 27 (1989); Rouse v. Lee, 339 F.3d 238, 246–57 n.6 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002); Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990); Harvey, 813 F.2d at 654. Accordingly, Wright's Title VII claims are untimely and are dismissed for failure to state a claim upon which relief can be granted. See Olson, 904 F.2d at 201; Harvey, 813 F.2d at 654.

II.

In sum, defendant's motion to dismiss [D.E. 13] is GRANTED.

SO ORDERED. This 30 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge

4